## IN THE MATTER OF BOSWELL.

(SUPREME COURT DISCIPLINARY No. 14)

MARSHALL, Justice.

This is a disciplinary proceeding against the respondent, a member of the State Bar of Georgia. The

proceeding began when a complaint against the respondent was filed with the State Bar of Georgia. The complaint was investigated by the State Disciplinary Board, in accordance with Bar Rule 4-203 (d). The State Disciplinary Board found probable cause and filed a formal complaint against the respondent in this court on March 10, 1978. Bar Rule 4-211.

The complaint alleged that the respondent, who practices law in Lowndes County, Georgia, accepted employment in 1972 by a Florida resident to seek collection of monetary claims against an estate being probated in Florida. The respondent failed to inform the client that he was not licensed to practice law in Florida. From 1972 until 1977, the respondent accepted legal fees from the client but utterly failed to pursue the client's cause or inform the client that he had abandoned his cause. The respondent has refused to refund to the client over $1,000 in unearned legal fees. The aforementioned action on the part of the respondent violates Standards 4, 22 (b), 23, and 25 of Bar Rule 4-102. The State Bar recommended that a special master be appointed to conduct the disciplinary proceedings against the respondent. Bar Rule 4-209. By order dated March 24, 1978, a special master was so appointed by this court.

On April 3, 1978, the respondent was served by the State Bar with the complaint against him and requests for admissions as to various allegations in the complaint. Bar Rules 4-212 (c), 4-221 (e). On May 11, 1978, the State Bar requested that the charges against the respondent be deemed admitted pursuant to Bar Rule 4-212 (a), since the respondent had failed to answer or obtain an extension of time for filing his answer within thirty (30) days after service of the complaint.

The respondent subsequently informed the special master that he had been laboring under an incapacitating physical disability during the month of April and requested that he be allowed to file a late answer and response to the requests for admissions. The special master entered an order on June 3, 1978, setting a hearing for June 22, and the respondent was ordered to appear at the hearing. At the conclusion of the hearing,

the respondent was ordered to file an answer and response to the requests for admissions. On June 26, the State Bar renewed a motion it had previously made for a default judgment, on the ground that the purported answer and response filed by the respondent were unresponsive to the charges against him and were, therefore, inadequate.

The special master entered an order on June 27, 1978, finding that despite the respondent's contention that he was physically incapacitated during the period these disciplinary proceedings were being held, he was quite active in the practice of law. The special master concluded that the documents filed by the respondent following the hearing were insufficient under the CPA to constitute an answer or responsive pleading to the complaint. See Code Ann. §§ 81A-108 (b) (Ga. L. 1966, pp. 609, 619, as amended); 81A-136 (a) (Ga. L. 1966, pp. 609, 648, as amended). The special master concluded that the respondent had not made a proper case for opening the default. See Code Ann. § 81A-155 (b) (Ga. L. 1966, pp. 609, 659, as amended).

On July 17, 1978, the special master filed his report to the State Disciplinary Board, pursuant to Bar Rule 4-217. The special master found that since the respondent had failed to answer the charges made against him in the complaint, those charges were deemed admitted under Bar Rule 4-212 (a). The special master further concluded that the conduct on the part of the respondent constituted violations of Standards 4, 22 (b), 23, and 25 of Bar Rule 4-102. Violation of Standard 4 is ground for disbarment. Violations of Standards 22 (b), 23, and 25 are grounds for a public reprimand.

By unanimous vote, the State Disciplinary Board adopted the finding and conclusions of the special master. In light of prior and pending disciplinary charges filed against the respondent, the board, by order dated July 28, 1978, has recommended that this court enter an order disbarring the respondent from the practice of law in the State of Georgia.

The findings and recommendations of the State Disciplinary Board were filed with this court on July 31, 1978. On August 14, 1978, the respondent filed a brief

with this court, but the contents of this brief apparently have reference to another, separate disciplinary charge filed against the respondent. On August 21, 1978, the respondent filed another brief; however, only a small portion of this brief has reference to the charges presently pending against the respondent, and the portion of the brief having reference to these charges states in only general terms that the charges are false. On September 1, 1978, the State Bar filed a response, arguing that the pleadings filed by the respondent failed to raise proper exceptions to the findings and recommendations of the State Disciplinary Board, as required by Bar Rule 4-219 (a). We agree.

The findings of fact by the State Disciplinary Board have evidence to support them and are, therefore, conclusive. Bar Rule 4-219 (a). In accordance with the recommendation of the State Disciplinary Board, we hereby render a final judgment disbarring the respondent, John S. Boswell, Sr., from the practice of law in the State of Georgia.

*Judgment affirming recommendation. All the Justices concur.*

DECIDED SEPTEMBER 27, 1978.

*John S. Boswell, Sr.,* pro se.
*Omer W. Franklin, General Counsel State Bar, Robert W. Davis, Jr., Assistant General Counsel State Bar, James E. Spence, Assistant General Counsel State Bar,* for State Bar.