## IN THE MATTER OF CHABIOR.

### (SUPREME COURT DISCIPLINARY NO. 126)

PER CURIAM.
The State Bar of Georgia charged respondent with a violation of Disciplinary Standard 44.* The violation occurred as the result of a transaction between respondent and his client in which respondent agreed to purchase his client's property, to provide the client with a security deed for a promissory note of $11,140.00, and to repay the note when he resold the property. Respondent failed to file the security deed and failed to repay his client approximately $6,000.00 when the property was sold for a profit.

Respondent failed to answer within 30 days the formal complaint filed by the State Bar. Pursuant to Rule 4-212(a) the State Bar moved that the charges be deemed admitted. The special master gave respondent permission to file an untimely answer, but respondent did not do so. Accordingly, all the charges were deemed

---

* Standard 44 provides: "A lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him." See Rule 4-102 of the State Bar of Georgia, 238 Ga. 827.

admitted. See *In the Matter of Boswell,* 242 Ga. 313 (249 SE2d 13) (1978). During the hearing before the special master, the respondent was allowed to file a petition for voluntary discipline. Respondent's petition, however, failed to meet the requirements of Rule 4-203(i) in that respondent never admitted to conduct which would constitute a violation of Standard 44 "sufficient to authorize the imposition of discipline." The petition therefore was rejected. The special master made findings of fact and conclusions of law, but did not make a recommendation as to discipline. See Rules 4-210 and 4-217. The State Disciplinary Board unanimously recommended that the respondent be disbarred.**

After reviewing the findings and recommendation of the State Disciplinary Board, we approve and adopt their recommendation. It is ordered that the respondent's name be stricken from the roll of attorneys allowed to practice law in this state.

*It is so ordered. All the Justices concur.*

DECIDED MAY 19, 1981.

*Omer W. Franklin, Jr., General Counsel State Bar, D. Nichols Winn, Assistant General Counsel State Bar,* for State Bar of Georgia. *Alfred John Chabior,* for Chabior.

---

**Respondent did not file any written exceptions to the Board's report. See Rule 4-219(a).